# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

FILED

February 1, 2013
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JOHNNY K. DEMPSEY,**
**Claimant Below, Petitioner**

**vs.)    No. 11-0580**  (BOR Appeal No. 2045091)
(Claim No. 2009090019)

**WEST VIRGINIA OFFICE OF**
**INSURANCE COMMISSIONER**
**Commissioner Below, Respondent**

**and**

**PANTHER BRANCH COAL CO.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Johnny K. Dempsey, by Edwin H. Pancake, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Panther Branch Coal Co., by Timothy E. Huffman, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 16, 2011, in which the Board affirmed an August 31, 2010, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's denial of authorization for anterior cervical discectomy and artificial disc replacement, closing of the claim for temporary total disability benefits, and closing the claim for vocational rehabilitation. The Court has carefully reviewed the records, written arguments, and appendices contained in the petition, and the case is mature for consideration.

Having considered the petition and the relevant decision of the lower tribunal, the Court is of the opinion that the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the Court determines that there is no prejudicial error. This case does not present a new or significant question of law. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

1

On April 27, 2009, Mr. Dempsey received the injury to his head and neck, after striking his head on the canopy of the coal mine where he worked. On May 7, 2009, the claims administrator held the injury compensable for sprain/strain of the neck. On August 18, 2009, Dr. John H. Schmidt examined Mr. Dempsey and reviewed an MRI that had been taken of his cervical spine, finding that Mr. Dempsey had chronic musculoskeletal mechanical cervical strain, and possibly bilateral carpal tunnel syndrome. Dr. Schmidt recommended and requested surgery for the C4-5 disc with an artificial disc, or anterior cervical discectomy fixation/fusion. Dr. Schmidt did not state that the recommended surgery was specifically to address the compensable injury of April 27, 2009. On September 2, 2009, Dr. James Dauphin reviewed the request for cervical disc fusion with artificial disc and opined that the surgery was being done for degenerative changes, not for the April 27, 2009, injury. On September 22, 2009, Dr. P. B. Mukkamala reported that examination revealed the claimant's injuries had reached maximum medical improvement and that, if the requested surgeries were needed, the surgeries were not needed for the compensable injury.

On October 16, 2009, the claims administrator denied Dr. Schmidt's request for disc replacement. On December 1, 2009, Mr. Dempsey underwent a fusion operation under his own private insurance, provided by Dr. Schmidt. In two separate orders on December 16, 2009, the claims administrator closed the claim for both temporary total disability benefits and for vocational rehabilitation services. Mr. Dempsey appealed the October 16, 2009, and December 16, 2009 orders described above.

The Office of Judges's August 31, 2010, Order affirmed the three claims administrator's orders, finding that the requested treatments related to a pre-existing injury. The Office of Judges relied on the fact that two of the examining doctors, Dr. Mukkamala and Dr. Dauphin, both found that requested treatments were for a non-compensable injury, and that the only doctor seeking the treatment, Dr. Schmidt, did not address whether the treatment was for the compensable injury or some other injury. The Board of Review came to the same reasoned conclusion as the Office of Judges.

On appeal, Mr. Dempsey argues that Dr. Schmidt's request should be honored and given additional weight since he was Mr. Dempsey's treating physician. Panther Branch Coal Co. responds that the claimant has not shown that the Board of Review was clearly wrong in determining that the requested treatment, benefits, and services were needed only for a noncompensable pre-existing condition. Indeed, Panther Branch Coal Co. persuasively argued that the Board of Review was correct to rule as it did, because no finding was ever made that the surgery sought by Dr. Schmidt was for the compensable injury.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:    February 1, 2013**

**CONCURRED IN BY:**
Chief Justice Brent D. Benjamin
Justice Robin J. Davis
Justice Margaret L. Workman
Justice Allen H. Loughry II

**DISSENTING**:
Justice Menis E. Ketchum